# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ANDRES SANCHEZ, et al., <br><br> Defendant(s). | Case No. 2:22-CV-1474 JCM (DJA) <br><br> ORDER |

Presently before the court are Bankers Life and Casualty Company and Bankers Life Securities, Inc. (collectively, "plaintiffs")'s motions for a temporary restraining order and preliminary injunction (ECF Nos 3; 4). Andres Sanchez and Berenice Diaz (collectively, "plaintiffs") failed to respond, and the time to do so has now passed.

**I.   Background**

Defendants are former employees of Bankers Life and Casualty Company, an insurance company. (ECF No. 1). During their employment, defendants had access to a database containing customer information, including personal data, applicable policies and products, and policyholder goals. (*Id.*) Allegedly, defendants downloaded copies of some of the records in that customer database after they each resigned their employment. (*Id.*) Plaintiffs allege that this downloading of data contravened employment agreements and data security agreements that each defendant had executed as a condition of employment. (*Id.*)

Further, plaintiffs allege that the data each defendant downloaded constitutes trade secret information. (*Id.*) Further, plaintiffs contend that defendants are using that customer data to convince plaintiffs' customers to defect to defendants' current employer. (*Id.*) Plaintiffs now

**James C. Mahan**
**U.S. District Judge**

bring this motion for a temporary restraining order and preliminary injunction to prevent defendants from using that allegedly misappropriated data and to compel its return. (ECF Nos. 3; 4).

## II. Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135. Yet, "[o]f course, plaintiffs must also satisfy the other *Winter* factors." *Id.*

## III. Discussion

Having considered the *Winter* factors, the court DENIES plaintiffs' motions for a temporary restraining order and preliminary injunction (ECF Nos. 3; 4); primarily because they fail to show a likelihood of irreparable injury.

James C. Mahan
U.S. District Judge

1 Though plaintiffs aver that they risk irreparable harm from defendants' use of allegedly confidential information, plaintiffs have provided nothing to substantiate that claim. While plaintiffs need only show a likelihood—rather than a probability—of irreparable harm, their conclusory allegations of some unauthorized disclosure are unavailing. Plaintiffs provide no evidence that defendants have actually disclosed or used any of the allegedly misappropriated data.[1] Without more, plaintiff fails to allege any harm, much less irreparable harm.

Without a likelihood of irreparable harm, plaintiffs are not entitled to injunctive relief under the traditional or sliding scale approach. *See Cottrell*, 632 F.3d at 1131.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motions for a temporary restraining order and preliminary injunction (ECF Nos. 3; 4) be, and the same hereby are, DENIED.

DATED September 30, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, plaintiffs' only evidence of any misappropriation of data are two unintelligible "download reports" that give no indication of what specific data was downloaded nor what potential customers were affected. *See* (ECF No. 1-11; 1-12). It is unclear from this evidence whether the customer Diaz tried to convince to defect was even a part of the alleged download. *See* (ECF No. 1-13).

**James C. Mahan**
**U.S. District Judge**